Dear Judge Watkins:
This office is in receipt of your opinion request in which you ask the following:
 (1) Can a justice of the peace seize a vehicle regardless of the price of the vehicle?
 (2) Can a justice of the peace solicit suits from businesses by going to the business' office and picking up the suits?
 (3) What is the proper venue for small claims suits and can a justice of the peace hear a suit if the defendant does not live in his ward?
In accordance with Code of Civil Procedure Article 4911:
 "The civil jurisdiction of a justice of the peace court is concurrent with the district court in cases where the amount of dispute does not exceed two thousand dollars."
R.S. 33:1706 gives the constable authority to seize and sell property and states:
 "Constables may seize and sell movable and immovable property, under writs of justices of the peace, the same as the sheriffs may do."
Finding no other statutes or jurisprudence regarding the dollar amount jurisdiction of justice of the peace courts in issuing writs of seizure, a justice of the peace may only issue a writ of seizure in a matter where the underlying amount in dispute does not exceed two thousand dollars. A justice of the peace when presented with a valid judgment, may issue a writ of seizure upon the request of the petitioner for items sufficient to satisfy the judgment and the cost of the seizure and sale.
Regarding the sale of property by a constable or the justice of the peace court, please see R.S. 13:2587, which states as follows:
 The Constable of a justice of the peace court shall sell the property seized at public auction on the day advertised therefor, at the office of the justice of the peace nearest the residence of the party whose property is seized, or at the most public place within three miles of such residence, to be designated by the justice of the peace who rendered the judgment, except in cities and towns where the sale shall be made in the same place where the sheriff sells property under execution.
 The judgment debtor has the right to have the sale made at his residence in all cases.
If you have a question regarding the procedures for constable sales, please contact our office.
In determining whether or not to issue a writ a seizure on a vehicle, a justice of the peace should examine the situation and avoid seizures where the petitioner may be liable for excessive seizure. The justice of the peace may issue writs of seizure upon request of the judgment creditor for items whose value is reasonably necessary to satisfy the judgment including interest and costs. If an item is seized whose value exceeds what is reasonably necessary to satisfy the judgment plus costs, the judgment creditor may be liable for excessive seizure and the debtor may ask for a reduction. For seizures through attachment and sequestration, Article 3505 of C.C.P. states:
 "If the value of the property seized under a writ of attachment or of sequestration exceeds what is reasonably necessary to satisfy the plaintiff's claim, the defendant by contradictory motion may obtain the release of the excess."
For seizures pursuant to a writ of fieri facias, C.C.P. Article 2296 states as follows:
 "If several items of property have been seized, or if one item of property which is divisible into portions has been seized, and if the value of the property seized exceeds what is reasonably necessary to satisfy the judgment, including interest and costs, the judgment debtor may obtain the release of the excess items or portions by contradictory motion filed not less than ten days before the day fixed for the sale."
It is at the discretion of the judge to determine what is "reasonably necessary" in issuing writs of seizure such to allow the judgment creditor to be fully satisfied. Thus a justice of the peace should not automatically seize a vehicle regardless of the price. Rather he should examine the relative values while allowing the creditor to recover. For example, a $20,000.00 car would probably be an excessive seizure to recover a $1,500.00 judgment. If a less valuable asset is available for seizure, it would be better to seize an asset more closely tied in value to the debt. However, if that vehicle is the only asset available for seizure and if that vehicle is not divisible, it may be subject to seizure to pay such a judgment. Such determinations must be made on a case by case basis.
Your second question regarding a justice of the peace soliciting small claims from businesses presents concerns that such solicitation might destroy the objectivity of the justice of the peace and possibly require recusal. However, as this issue involves an ethical question rather than a legal question, please direct this inquiry to the Supreme Court of the State of Louisiana for an ethics opinion.
Regarding the venue of a small claims suit in a justice of the peace court, please note that there is often more than one option as to where a suit may be brought. Louisiana Code of Civil Procedure Article 4916 provides the venue rules for justice of the peace courts and states:
 "The rules of venue provided in Articles 41 through 45, 71, 73, 74, 75, 76, 77, 78 and 79 apply to suits brought in justice of the peace court, except where these articles use the word "parish" it shall be construed to mean the territorial jurisdiction of the justice of the peace court.
Articles 41 through 45 of the Code of Civil Procedure provide the general venue rules for courts. The exceptions to the general rules are found in Code of Civil Procedure Article 71 et seq. Note that not all of the exceptions apply to a justice of the peace court, and only those exceptions found in Code of Civil Procedure Articles 71, 73 — 79 apply to a justice of the peace court. For purposes of small claims, the majority of your small claims will likely be actions of offenses or quasi offenses. Code of Civil Procedure Article 74 states:
 An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
 As used herein, the words "offense or quasi offense" include a nuisance and a violation of Article 667 of the Civil Code.
Note that Article 76.1, regarding venue for an action on a contract is not listed in the exceptions that apply to justice of the peace courts as per Article 4916 stated above. Thus the general rules of venue found in Articles 41 through 45 would apply for an action on a contract and the suit must be brought in the ward or district where the defendant lives (if an individual defendant).
It is the plaintiff's choice as to where to file a suit. If the defendant objects to the venue of the suit, he must raise the declinatory exception of improper venue in accordance with Code of Civil Procedure Article 925. However, if the defendant appears in court and fails to raise this exception, he waives his objection and the court may hear the matter, even if it would have otherwise been improper venue. If the defendant does not object to venue, he in essence agrees for the court to hear the matter.
We hope the foregoing sufficiently addresses your concerns. If we may be of further service, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW:bb